

# Missouri Court of Appeals
## Southern District

### In Division

DOYLE EDWARD HITCHCOCK,

    Movant-Appellant,

v.

STATE OF MISSOURI,

    Respondent-Respondent.

No. SD38719

Filed: October 15, 2025

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse, Circuit Judge

**AFFIRMED**

Doyle Hitchcock (Hitchcock) appeals from the denial of his Rule 29.15 amended motion after an evidentiary hearing.[1] His sole point on appeal contends his trial counsel had no reasonable strategic reason for stipulating to the trial court that any life sentences imposed had to be served consecutively. Because this claim of ineffective assistance of

---

[1] All rule references are to Missouri Court Rules (2018).

trial counsel was omitted from Hitchcock's amended 29.15 motion, it was waived and cannot be addressed on appeal.

*Factual and Procedural Background*

Via a 20-count second amended information, Hitchcock was charged with: multiple sex crimes of forcible sodomy, or alternatively statutory sodomy; forcible rape, or alternatively statutory rape; and multiple crimes of endangering the welfare of a child.

His case was set for a jury trial, and Hitchcock waived jury sentencing. On the second day of trial, the court held a hearing to discuss previous plea negotiations. While the prosecutor was reviewing the charges against Hitchcock, an issue arose about the range of punishment for the crimes of forcible rape and forcible sodomy alleged to have occurred between 2006 and 2010. The prosecutor wanted to check on whether convictions on these charges required consecutive sentences to be imposed. Defense counsel agreed that needed to be "double-check[ed]." After reviewing the last plea offer, Hitchcock decided not to accept it.

During a break in proceedings on the third day of trial, the trial court revisited the consecutive-sentencing issue. The prosecutor stated that: (1) prior to 2013, § 558.026 RSMo (2000) required any sentence for forcible rape or forcible sodomy to be served consecutively; and (2) in 2013, the statute was amended to include first-degree statutory rape and statutory sodomy. In relevant part, the following colloquy then occurred:

> BY THE COURT: All right, thank you.[Defense counsel], were you able to talk with your client about what [the prosecutor] has just informed us?
>
> BY [DEFENSE COUNSEL]: I've explained in the past. I think – and I can confer very quickly with Mr. Hitchcock.

2

BY THE COURT: All right.

(conversation held off the record)

BY [DEFENSE COUNSEL]: Judge, I had previously spoken to Mr. Hitchcock, even not necessarily maybe specifically saying it's mandatory, but any time I go to trial with somebody I explain to them that the range of punishment for each case can run concurrent or consecutive, each count, and so it's just a general habit. Even when it's not mandatory by statute, I tell clients that at trial, if convicted, a judge has the full range, which can be anywhere from sometimes one day to one year on some of these counts up to, you know, 150 years or multiple life sentences. And so, even though it's mandatory under the one, I have talked with him about concurrent and consecutive time. Mr. Hitchcock understands that. I don't think it changes our – or his position as far as accepting or considering the State's last offer that we talked about[.]

Hitchcock took the stand, stated that he understood what had been said and confirmed that it did not change his mind about the prosecutor's plea offer.

At the conclusion of the trial, the jury found Hitchcock guilty of five counts of forcible sodomy, two counts of forcible rape, and six counts of endangering the welfare of a child. He was acquitted on the seven alternative counts.

At sentencing, the prosecutor told the trial court that "the law also requires that the – that the forcible rape and sodomy counts run consecutively and then consecutively to the endangering the welfare of a child counts," and that "it's the State's position that the forcible felonies must run consecutively." In response, defense counsel agreed with the prosecutor that "this is a situation where, unfortunately, the statute mandates consecutive time when you're dealing with forcible counts." Defense counsel asked the court to impose five-year sentences on each guilty verdict, which would result in a minimum 40-year sentence.

3

The trial court sentenced Hitchcock to seven life sentences on the forcible rape and sodomy charges and six seven-year sentences on the endangering the welfare of a child counts. All of the life sentences were to run consecutively, and the seven-year sentences were to run concurrently with each other, but consecutively to the life sentences.

Hitchcock's convictions and sentences were affirmed on direct appeal. *State v. Hitchcock*, 585 S.W.3d 378 (Mo. App. 2019). Hitchcock raised four points on appeal: "points one and two challenge[d] the sufficiency of the evidence; point three challenge[d] the trial court's admission of uncharged misconduct; and point four challenge[d] the admission of testimony relating to substantiation by the Children's Division … of allegations against Hitchcock." *Id*. at 380. Because all of these points lacked merit, we affirmed the judgment.

Hitchcock filed a timely original Rule 29.15 motion. The amended motion was untimely, but the motion court found Hitchcock had been abandoned and proceeded as though the amended motion had been timely filed. The amended motion contained the following claims:

> 8.a. [Hitchcock] was denied his right to due process and effective assistance of counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution because his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances and as a result thereof, [Hitchcock] was prejudiced. Specifically, counsel was ineffective for the following reasons:
>
> (1) Counsel was ineffective in failing to proffer at trial the lesser included offense of attempted sodomy as to Count XII.

4

(2) Counsel was ineffective in failing to set forth specific challenges to the sufficiency of the evidence for convictions on Count XII, for the forcible sodomy of C.S. in the shed, and Count XIV, child endangerment, in his motion for new trial and/or on appeal.

(3) Counsel was ineffective in failing to set forth specific challenges to the sufficiency of evidence for convictions on Counts VI, for the forcible rape of C.S. while in [Hitchcock's] bedroom, and Count VIII, child endangerment, in his motion for new trial and/or on appeal.

(4) Counsel was ineffective in failing to set forth specific challenges to the sufficiency of evidence for convictions on Counts IX, forcible rape of C.S. while in her own bedroom, and Count XI, child endangerment, in his motion for new trial and/or on appeal.

(5) Appellate counsel was ineffective in failing to raise on appeal [Hitchcock's] denial of due process when the court sentenced him to serve seven life sentences consecutively based on the erroneous belief that said sentences were required by law to be consecutive with one another.

(6) Counsel was ineffective in failing to call Mary Hitchcock to testify at trial.

8.b. [Hitchcock] was denied his right to due process of law and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Specifically,

(1) The sentencing court sentenced [Hitchcock] to seven consecutive life sentences under the mistaken belief that these sentences must run consecutive to each other by law.

(2) One or more jurors impermissibly relied on inadmissible testimony … that Children's Division had substantiated an allegation of sexual abuse of C.S. by [Hitchcock] to reach a verdict.

During the motion court hearing, Hitchcock's post-conviction counsel discussed claims 8.a(5) and 8.b(1). Claim 8.a(5) "is the claim [that] appellate counsel was ineffective in failing to raise on appeal [Hitchcock's] denial of due process when the Court sentenced him to serve seven life sentences consecutively based on the erroneous belief that said

5

sentences were required by law to be consecutive with one another." Claim 8.b(1) "is essentially that [Hitchcock] was denied due process because the sentencing court was under the mistaken belief that it was required to run the sex offense counts, which were seven in total, consecutively to each other as [a] matter of law." In response, the prosecutor stated:

> [W]hat the State is prepared to concede is that the prosecutor's statement in the record was incorrect regarding the sentences under 558.026 running – mandatorily running consecutively and that [defense counsel's] representations to the Court that he was in agreement that those sentences would run – have to by statute run consecutively on the sex offenses, that those were erroneous statements based on the state of the law at the time of these offenses.

The prosecutor denied that either claim had merit because:

> the record … does not reflect that the Court, in reliance on the statements of the State and [defense counsel], sentenced the defendant based on that reliance, so I would still anticipate that Mr. Hitchcock needs to prove his claims of ineffective assistance of counsel and that the Court relied on the representations of the State and defense counsel in those sentences running consecutively, and the State's position is that the record supports that the judge made an independent decision in sentencing the defendant to the consecutive 30-year sentences, based on the record.

The motion court adjudicated each of these claims and denied relief. This appeal followed.

*Discussion and Decision*

Hitchcock presents only one point on appeal. The point, stated in full, alleges:

> The motion court clearly erred in denying claim 9.b(1) in Mr. Hitchcock's amended motion[.[2] This was] in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that trial counsel had no reasonable strategy reason for stipulating to a mistaken proposition of law, namely, that the life sentences must be served

---

[2] Paragraph 9.b(1) of the amended motion described the evidence that would be presented to prove the claim of trial court error in claim 8.b(1). Therefore, Hitchcock's point on appeal fails to even identify the relevant claim at issue.

consecutively, and the record indicates the trial court's decision to impose consecutive life sentences was based on this mistaken proposition of law. Had defense counsel presented a correct statement of the law to the trial court, there is a reasonable probability that the sentencing outcome would have been different, since the court would have been obligated to consider concurrent life sentences, which would have been consistent with the trial court's stated reason for imposing consecutive sentences.

This Court's appellate review is necessarily constrained to the claims of error raised by an appellant's points relied on. *Anderson v. Monsanto Co.*, --- S.W.3d. ----, 2025 WL 1497539, at *7 (Mo. App. W.D. May 27, 2025); *see also City of Harrisonville v. Missouri Dep't of Nat. Res.*, 681 S.W.3d 177, 180 (Mo. banc 2023) (the point relied on is a central, indispensable element of an appellate brief because it defines a specific issue for appellate court review); *Cummings v. State*, 693 S.W.3d 209, 213 (Mo. App. 2024) (same holding).

We begin our review by noting that Criminal Procedure Form No. 40 contains a specific format for pleading claims, which must be followed in a post-conviction proceeding. For an amended motion, Paragraph 8 of the form requires the movant's counsel to "[s]tate concisely all the claims known to you for vacating, setting aside or correcting [a movant's] conviction and sentence[.]" *Id*. There were only two claims asserted in Hitchcock's amended motion relating to the consecutive-sentencing issue.

The first claim was contained in paragraph 8.a(5) and alleged that "*[a]ppellate counsel* was ineffective in failing to raise on appeal [Hitchcock's] denial of due process when the court sentenced him to serve seven life sentences consecutively based on the erroneous belief that said sentences were required by law to be consecutive with one another." (Italics added.) The motion court denied this claim, and Hitchcock's point on appeal does not challenge that ruling.

7

The second claim was contained in paragraph 8.b(1) and stated that "*[t]he sentencing court* sentenced [Hitchcock] to seven consecutive life sentences under the mistaken belief that these sentences must run consecutive to each other by law." (Italics added.) This issue could have been, but was not, raised on direct appeal, even though all of the information required to do so was in the trial transcript.

> "Issues that could have been raised on direct appeal – even if constitutional claims – may not be raised in postconviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." *Shockley* [*v. State*], 579 S.W.3d [881,] 900 [(Mo. banc 2019)]. This manner of claim was available to [the movant] on direct appeal, but [she] failed to raise it therein. Post-conviction relief is not the appropriate avenue for this type of claim, and [the movant] fails to demonstrate the *Shockley* requirements in this instance.

*Youngblood v. State*, 600 S.W.3d 303, 307-08 (Mo. App. 2020). We reach the same conclusion here. The motion court denied the claim, and Hitchcock does not challenge that ruling with respect to alleged error by the sentencing court on appeal.

Instead, Hitchcock's point contends his *trial counsel* was ineffective for stipulating to a mistaken proposition of law concerning consecutive sentencing. No claim in the amended motion alleged ineffective assistance by Hitchcock's trial counsel with respect to the sentencing issue. While there was a concession at the evidentiary hearing concerning misstatements of law by the prosecutor and defense counsel, it does not affect the analysis here. In the absence of a claim of ineffective assistance by trial counsel with respect to the sentencing issue in the amended motion, that claim was waived and cannot be addressed in this appeal. As our Supreme Court explained in *Johnson v. State*, 333 S.W.3d 459 (Mo. banc 2011):

> "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *State v. Clay*, 975 S.W.2d 121, 141-42 (Mo. banc 1998). Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal. *State v. Harris*, 870 S.W.2d 798, 815 (Mo. banc 1994).

*Johnson*, 333 S.W.3d at 471; *see also* *Holman v. State*, 694 S.W.3d 484, 492 (Mo. App. 2024) (issues or allegations not included in the amended motion are waived on appeal); *Roldan-Marron v. State*, 678 S.W.3d 707, 712 (Mo. App. 2023) ("the failure to include a claim in a Rule 29.15 motion is not remedied by either the presentation of evidence at a hearing or the refinement of a claim on appeal"); Rule 29.15(d) (stating that a movant waives any claim for relief known to movant that is not listed in the motion). Because the only issue raised in Hitchcock's point involves a claim that was waived, we deny the point and affirm the motion court's decision to deny relief.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MATTHEW P. HAMNER, J. – CONCUR